IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEANETTE HARRISON and
CEDRIC JOHNSON,

      Plaintiffs,

v.                                                    No. 2:24-cv-00182-KWR-JHR

CAROLYN ANDREWS MIKE,
ANDREW RIBITSCH,
FIRST PLACE LEASING and
ALVIN TAN,

      Defendants.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiffs, who are proceeding *pro se*, allege that they paid for rent/down payment on a rental property but that Defendants rented the property to someone else. *See* Complaint and Request for Injunction at 5, Doc. 1, filed February 23, 2024 ("Complaint"). Plaintiffs assert the Court has diversity jurisdiction over this matter. *See* Complaint at 3.

United States Magistrate Judge Jerry H. Ritter notified Plaintiffs:

As the party seeking to invoke the jurisdiction of this Court, Plaintiffs bear the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Complaint fails to show that the Court has diversity jurisdiction because the Complaint states both Plaintiffs and all Defendants are citizens of or reside in New Mexico and does not allege facts showing that the amount in controversy exceeds $75,000. *See* Complaint at 1-4. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has

> the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).
>
> The Complaint also fails to show that the Court has federal question jurisdiction because there are no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law").

Order to Show Cause at 1-2, Doc. 4, filed March 13, 2024.

Judge Ritter ordered Plaintiffs to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint. *See* Order to Show Cause at 4. Plaintiffs did not show cause or file an amended complaint by the April 3, 2024, deadline.

The Court concludes it does not have jurisdiction over this case because: (i) the Complaint does not contain allegations to support diversity or federal question jurisdiction; (ii) Plaintiffs did not show cause why the Court should not dismiss this case for lack of jurisdiction; and (iii) Plaintiffs did not file an amended complaint or otherwise respond to Judge Ritter's Order to Show Cause. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

The Court denies Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed February 23, 2024, as moot because the Court is dismissing this case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 2, filed February 23, 2024, is **DENIED as moot.**

_____/s/_____
**UNITED STATES DISTRICT JUDGE**